Apolonio D. BAUTISTA, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,
Respondent.

No. 00–3395.

United States Court of Appeals,
Federal Circuit.

Jan. 12, 2001.

Before PAULINE NEWMAN, MICHEL, and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Apolonio D. Bautista appeals from a final decision of the Merit Systems Protection Board ("MSPB"), docket no. SF–0831–99–0661–I–1, which denied his petition for review of an initial decision by an administrative judge, but reopened the appeal on its own motion and subsequently affirmed the administrative judge's ultimate finding that Bautista failed to appeal timely his request for retirement benefits beyond those he had already received. We *affirm.*

## BACKGROUND

Bautista, a native of the Philippines, retired from federal service due to a disability on August 4, 1972. He received twenty-one months of retirement benefits as required by the applicable collective bargaining agreement. On February 12, 1978, he filed an application for retirement with the Civil Service Commission ("CSC"), seeking further benefits. By letter dated October 31, 1978, the Bureau of Retirement, Insurance, and Occupational Health ("BRIOH"), a division of the CSC, denied Bautista's request. That letter informed Bautista that he had six months to appeal the decision. Such an appeal would have been filed properly with the Appeals Review Board ("ARB"). It is undisputed that Bautista failed to file an appeal within the six-month time limit.

In a letter dated November 2, 1987, Bautista sent the Office of Personnel Management ("OPM") the first of several letters requesting further retirement benefits. OPM sent Bautista several responses, which indicated that his application had been denied on October 31, 1978, and that the denial letter contained instructions concerning reconsideration procedure. On September 2, 1999, OPM issued a final decision—based on a July 16, 1999 letter from Bautista—stating that his appeal of the October 31, 1978 BRIOH decision was untimely filed.[1]

On January 13, 2000, an MSPB administrative judge affirmed OPM's reconsideration decision. He assumed Bautista's first retirement benefits inquiry letter after the October 31, 1978 CSC decision, dated November 2, 1987, constituted a request for reconsideration. The judge recognized that November 2, 1987 is more than six

---

1. Unlike his other letters, Bautista's July 16, 1999 letter specifically requested "reconsider- ation."

months later than October 31, 1978. He next stated that under 5 C.F.R. § 831.109(e)(2), OPM can extend a time limit for reconsideration only "when the individual shows that he/she was not notified of the time limit and was not otherwise aware of it, or that he/she was prevented by circumstances beyond his/her control from making the request within the time limit." Subsequently, the judge considered Bautista's arguments pertaining to the untimeliness of his request for reconsideration.

First, the judge determined that CSC's October 31, 1978 letter clearly apprised Bautista of the six-month deadline for reconsideration and noted that Bautista failed to allege that he never received that letter. The judge found that Bautista's limited knowledge of English did not constitute sufficient grounds for waiver of the time limit when viewed in the context of his nine year delay in filing a request for reconsideration. That is, even assuming Bautista did not understand English, the judge determined that the nine year delay indicated that he did not act in a reasonably prudent manner to arrange for a translation of the letter. Next, the judge found that even if Bautista had alleged that he never received the October 31, 1978 letter, his failure to make adequate provisions to receive mail neither constituted excusable neglect nor was attributable to circumstances beyond his control. Finally, the judge responded to Bautista's claim that his delay in filing was due in part to illness. Bautista indicated that a pacemaker was implanted in his body in October 1978 and that he thereafter returned to the Philippines. The judge determined that Bautista failed to address the entire period of the nine-year delay from 1978 to 1987. The judge further found that Bautista failed to explain exactly how his medical condition prevented him from filing an appeal. Finally, the judge

stated that because Bautista failed to indicate with specificity the time at which he recovered from his medical condition, it could not be determined whether he exercised due diligence in filing an appeal after he recovered. Accordingly, the judge determined that Bautista's request for reconsideration was untimely filed.

The MSPB denied Bautista's petition for review because he neither presented new and material evidence that was not available in the earlier proceeding nor argued that the administrative judge's decision was based on an erroneous interpretation of a statute or regulation. 5 C.F.R. § 1201.115(d) (2000). The MSPB, however, reopened the appeal on its own motion pursuant to 5 C.F.R. § 1201.118 to correct the administrative judge's error in failing to treat the appeal under the "old system."

The MSPB recognized that in appeals involving retirement applications, a proceeding initiated by an individual is pending once an application for benefits has been received. Because Bautista's retirement application was received by the BRIOH before the January 11, 1979 effective date of the Civil Service Reform Act of 1978 ("CRSA"), 5 U.S.C. § 1101 *et seq.*, the MSPB recognized that his appeal was pending as of that date and therefore determined that the provisions of the "old system" applied.

The MSPB stated that under the "old system," an appeal from a final BRIOH action must be filed with the ARB within six months of its mailing date. 5 C.F.R. § 831.107(c)(1) (1978). The MSPB found that after Bautista improperly requested reconsideration from OPM, it should have forwarded those letters to the MSPB, as the successor agency to the ARB, for adjudication. Therefore, the MSPB treated Bautista's initial, November 2, 1987, letter

to OPM as if it was a proper appeal to the ARB.

The MSPB stated that under the "old system," 5 C.F.R. §§ 772.301(b) and 772.302(b), the six-month time limit could only be extended "when the appellant shows that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from appealing within the time limit." The MSPB recognized that the administrative judge informed Bautista of this standard, and therefore stated that Bautista had to show that he was prevented by circumstances beyond his control from appealing the BRIOH's October 31, 1978 final action until at least November 2, 1987, the date of his first letter to OPM. Because Bautista failed to meet that standard, the MSPB determined that his appeal was untimely and accordingly found that the administrative judge's failure to analyze this appeal under the "old system" did not affect its outcome. Consequently, the MSPB affirmed the administrative judge's ultimate decision. This appeal follows the aforementioned proceedings.

## DISCUSSION

### A. Standard of Review

This court's review of MSPB decisions is limited. *See, e.g., Deweese v. Tennessee Valley Authority,* 35 F.3d 538, 541 (Fed. Cir.1994). We may reverse a decision of the MSPB if it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994 & Supp. IV 2000).

### B. Analysis

■ The MSPB correctly determined that this case falls under the "old system."

Section 902(b) of the CRSA provides: "No provision of [the CRSA] shall affect any administrative proceedings pending at the time such provision takes place." In cases involving legal retirement applications, where the administrative proceeding is initiated by an individual, rather than by an agency, that proceeding is pending once the application for benefits has been received. *See, e.g., Kieser v. Office of Personnel Mgmt.,* 6 MSPB 245, 247–48, 6 M.S.P.R. 287 (1981). In this case, the BRIOH received Bautista's retirement application prior to January 11, 1979, the effective date of the CRSA; therefore the MSPB properly determined that the CRSA does not apply in this appeal.

■ The MSPB did not err in treating Bautista's November, 2, 1987 letter to the OPM for retirement benefits as a proper request for reconsideration to the MSPB, because OPM failed to forward letters it received from Bautista to the MSPB. The MSPB also correctly recognized that November, 1987 was beyond the six-month time limit for appealing the BRIOH's October 31, 1978 final action as provided for under the "old system." 5 U.S.C. § 831.107(c)(1) (1978). Therefore, under the "old system," the MSPB properly stated that the six-month time limit for appeal could only be extended "when the appellant shows that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from appealing within the time limit." 5 C.F.R. §§ 772.301(b) and 772.302(b) (1978).

The MSPB correctly determined that Bautista neither presented new and material evidence that was not available in the earlier proceeding nor argued that the administrative judge's decision was based on an erroneous interpretation of a statute or regulation. 5 C.F.R. § 1201.115(d) (2000).

■ The administrative judge fully considered all of the evidence Bautista pre-

sented.[2] The administrative judge did not err in finding that Bautista's limited knowledge of the English language failed to constitute grounds for waiver of the six-month time limit in light of his delay of more than nine years. That is, Bautista's argument that he failed to understand the proper procedures falters because, as recognized by the administrative judge, his nine year delay indicates that he did not act with reasonable prudence in seeking a translator to assist him with the 1978 letter, which discussed the proper reconsideration procedure. *Cf. Alonzo v. Dep't of the Air Force,* 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980) (length of delay is one factor to consider in determining "good cause" to waive a time limitation under 5 C.F.R. § 1201.12).[3] Bautista's argument that he is not a learned man fails to constitute grounds for waiver of the six-month time limit.

█ Bautista contends that he may have been in transit between the United States and the Philippines during the critical stages of correspondence. As properly recognized by the administrative judge, Bautista's failure to make adequate provisions to receive or forward mail is not a circumstance beyond his control. *Cf. Ber-*

*ania v. Office of Personnel Mgmt.,* 9 MSPB 502, 10 M.S.P.R. 256, 258 (1982) (failure to make adequate provisions for the receiving and/or forwarding of mail is not attributable to circumstances beyond an appellant's control under the *Alonzo* standard).

Finally, Bautista contends that his filing delay is due to his medical condition resulting from a pacemaker implant procedure in October 1978 and his subsequent travel to the Philippines for family care. The administrative judge did not err in finding that the evidence and argument provided by Bautista failed to address the entire nine-year delay. Without such evidence, Bautista cannot show that he was prevented from appealing within the time limit by circumstances beyond his control. *Cf. Blaske v. Dep't of the Navy,* 76 M.S.R.R. 164, 169 (1997), *aff'd,* 168 F.3d 1322 (Fed.Cir.1998) (unpublished) (under 5 C.F.R. § 1201.12, medical evidence submitted to excuse late filing must address the entire period of delay). The final decision of the Merit Systems Protection Board is therefore affirmed.

---

2. While applying the wrong statutory standard, the administrative judge informed Bautista on October 29, 1999 that he must provide "evidence and/or argument proving ... that he was either unaware of the six-month time limit imposed in the 1978 letter or that he was prevented from timely filing his reconsideration request within the six-month deadline." Further, in a November 9, 1999 translator-aided telephone conference, Bautista was notified that he had to show that he was either unaware of the six-month time limit imposed by the 1978 letter or that he was prevented by circumstances beyond his control from timely filing his reconsideration request within the six-month deadline. Further still, on December 16, 1999, the administrative judge issued an order directing Bautista to submit relevant evidence.

3. The Federal Circuit has recognized that the "good cause" standard discussed in *Alonzo* is more lenient than standard delineated in 5 C.F.R. § 831.109(e)(2). *Azarkhish v. Office of Personnel Mgmt.,* 915 F.2d 675, 677 n. 1 (Fed. Cir.1990). As properly recognized by the MSPB, however, 5 C.F.R. §§ 772.301(b) and 772.302(b) (1978) apply in this case rather than 5 C.F.R. § 831.109(e)(2). Yet, because the "old standard" and the CRSA standard are similar and because the CRSA standard is more lenient than the standard discussed in *Alonzo,* "old standard" factors under 5 C.F.R. §§ 772.301(b) and 772.302(b) (1978) include, but are not limited by, factors discussed under the *Alonzo* standard—5 C.F.R. § 1201.12.